IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No.   1:25-CR-238 (MAD) |
| v. | ) Information |
| KIMBERLY HUMPHREY a/k/a Kimberly Owen, | ) Violations:   18 U.S.C. §§ 1349, 1343 [Conspiracy to Commit Wire Fraud] |
| Defendant. | ) 18 U.S.C. § 1347 [Health Care Fraud] |
| | ) 2 Counts and 2 Forfeiture Allegations |
| | ) Counties of Offense:   Albany & Warren |

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT 1**
**[Conspiracy to Commit Wire Fraud]**

From in or around October 2022 through in or around January 2024, in Albany and Warren Counties in the Northern District of New York, and elsewhere, the defendant, **KIMBERLY HUMPHREY a/k/a Kimberly Owen**, conspired with Kris Roglieri and Christopher Snyder to commit wire fraud by devising and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and transmitting and causing to be transmitted by means of wire communication in interstate commerce writings, signs, and signals for the purpose of executing such scheme and artifice, in that **HUMPHREY**, Roglieri, and Snyder agreed to defraud and did defraud borrower clients of Prime Capital Ventures, LLC ("Prime") of due diligence fees and "Interest Credit Account Payments" (or "ICA" payments) based on their false and fraudulent promises and representations that, among other things, Prime could make large

commercial loans to the clients and that the clients' ICA payments would be refundable within a specified time frame if Prime failed to secure loans for the clients. In furtherance of their scheme to defraud, **HUMPHREY**, Roglieri, and Snyder transmitted and caused to be transmitted numerous interstate wire communications, including a wire transfer that Roglieri initiated from his Warren County residence to KeyBank, N.A. servers in Ohio on or about December 22, 2023, transferring $950,000 of a new Prime client's $5 million ICA payment to an older Prime client as partial loan funding for the older client's real estate project.

All in violation of Title 18, United States Code, Sections 1349 and 1343.

## COUNT 2
### [Health Care Fraud]

Beginning in or around January 2018 through in or around June 2019, in the Eastern District of Virginia, and elsewhere, the defendant, **KIMBERLY HUMPHREY a/k/a Kimberly Owen**, knowingly and willfully executed a scheme and artifice to defraud Medicaid and TRICARE, both health care benefit programs as defined in Title 18, United States Code, Section 24(b), and obtained by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services.

As part of the scheme and artifice to defraud, **HUMPHREY** caused the dispensing of compounded prescriptions to patients of her two pharmacies, GenX Pharmacy and Cavalier Drug, located in the Eastern District of Virginia. She caused the substitution, addition, and deletion of ingredients from prescribed compounded drugs in order to maximize her health insurance billings from selling these drugs, and knew that the drugs, as altered, might not meet patients' medical needs. **HUMPHREY** altered prescriptions for the lidocaine compound

KamDoy and billed health care benefit programs more than $1,200 per KamDoy prescription when similar medications could be purchased over the counter for less than $10 each.

For the purpose of executing the forgoing scheme and artifice, **HUMPHREY** knowingly submitted and caused to be submitted numerous false and fraudulent claims totaling at least $486,194.68 to the health care benefit programs. As a result of these false and fraudulent claims, **HUMPHREY** received a total of at least $486,194.68 in fraudulent health care benefit program reimbursements.

All in violation of Title 18, United States Code, Section 1347.

## FIRST FORFEITURE ALLEGATION

The allegations contained in Count 1 of this information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of an offense in violation of Title 18, United States Code, Sections 1349 and 1343, as set forth in Count 1 of this information, the defendant, **KIMBERLY HUMPHREY a/k/a Kimberly Owen**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes and is derived from proceeds traceable to the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

    a. a money judgment in the amount of $512,500.

### Substitute Assets

If any of the property described in the Forfeiture Allegation above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the

jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

## SECOND FORFEITURE ALLEGATION

The allegations contained in Count 2 of this information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

Upon conviction of an offense in violation of Title 18, United States Code, Section 1347, as set forth in Count 2 of this information, the defendant, **KIMBERLY HUMPHREY a/k/a Kimberly Owen,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real and personal, that constitutes and is derived, directly and indirectly, from gross proceeds traceable to the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

    a. a money judgment in the amount of $486,194.68.

### Substitute Assets

If any of the property described in the Forfeiture Allegation above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

Dated: June 10, 2025

JOHN A. SARCONE III
United States Attorney

By: _____

Joshua R. Rosenthal
Michael Barnett
Assistant United States Attorneys
Bar Roll Nos. 700730 & 519140